**RELIASTAR LIFE INSURANCE COMPANY OF NEW YORK, Petitioner,**

v.

**EMC NATIONAL LIFE INSURANCE COMPANY, Respondent.**

No. 06 Civ. 10186(LAK).

United States District Court, S.D. New York.

Feb. 13, 2007.

Brett Eric Wiggins, John M. O'Bryan, Lovells, Pieter Van Tol, New York, NY, for Petitioner.

John M. Nonna, Leboeuf, Lamb, Greene & MacRae LLP, New York, NY, Denny M. Dennis, Todd A. Strother, Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, IA, for Respondent.

## MEMORANDUM AND ORDER

KAPLAN, District Judge.

Petitioner ("RLNY") and respondent ("NTL") were parties to a coinsurance arrangement that contained a broad arbitration clause. A dispute arose as to NTL's obligations under the arrangement. The parties resorted to arbitration, which produced awards. For the most part, the propriety of those awards is uncontroversial and, indeed, the matter has been resolved in all respects save one: the arbitrators' award to RLNY of $3,169,146 in attorney and arbitrator fees and

$691,903.75 in costs, the fees and costs having been awarded based on a finding that "the conduct of [NTL wa]s lacking good faith."[1] RLNY seeks confirmation of the awards while NTL moves to vacate so much of the award as granted attorneys fees and costs to RLNY.

### The Agreements

The agreements in question contain identical arbitration clauses:

> "In the event of any disputes or differences arising hereafter between the parties with reference to any transaction under or relating in any way to this Agreement as to which agreement between the parties hereto cannot be reached, the same shall be decided by arbitration. Three arbitrators shall decide any dispute or difference."[2]

The agreements provide further that "the laws of the State of New York and to the extent applicable, the Federal Arbitration Act, shall govern the interpretation and application of this Agreement"[3] and that "[t]he arbitrators shall consider the customary and standard practices in the life or health reinsurance business, as applicable to the dispute."[4] Finally, the agreements provide also that "[e]ach party shall bear the expense of its own arbitrator ... and related outside attorneys' fees, and shall jointly and equally bear with the other party the expenses of the third arbitrator."[5]

### Discussion

■ Section 10(a)(4) of the Federal Arbitration Act ("FAA")[6] provides that an arbitration award may be vacated "where the arbitrators exceeded their powers." The question whether arbitrators have done so "focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue."[7] In other words, the question is whether "the arbitrator resolved an issue that the parties' agreement did not authorize him to resolve."[8]

■ In this case, both agreements contained identical arbitration articles. Each contained very broad agreements to arbitrate.[9] Each expressly provided that "[e]ach party shall bear the expense of its own arbitrator ... *and related outside attorneys' fees.*"[10] Thus, each made clear that the arbitrators had no authority to award outside attorneys' fees, notwithstanding the breadth of the agreements to arbitrate.

RLNY nevertheless argues that the award of attorneys' fees and costs should be sustained, notwithstanding Section 10.3 of the agreements, on the theory that (1) Section 10.3 merely states the general rule adopted by the parties, (2) the governing law clause adopts New York law as to the availability of fee awards in exceptional cases, and (3) New York would permit an award of attorneys' fees in this case under *Mighty Midgets v. Centennial Insurance Co.*[11] But the argument would be unper-

1. Pet. Ex. 21 ¶ 4.

2. Pet. Exs. 1, 2, § 10.1.

3. *Id.* § 10.4.

4. *Id.* § 10.2.

5. *Id.* § 10.3.

6. 9 U.S.C. § 10.

7. *Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d 255, 262 (2d Cir. 2003); *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 824 (2d Cir.1997).

8. *Hoeft v. MVL Group, Inc.*, 343 F.3d 57, 71 (2d Cir.2003).

9. Pet. Ex. 1, 2, § 10.1.

10. *Id.* § 10.3 (emphasis added).

11. 47 N.Y.2d 12, 21, 416 N.Y.S.2d 559, 564, 389 N.E.2d 1080 (1979).

suasive, even assuming *arguendo* that RLNY correctly reads New York law, which is doubtful, but which I need not decide.

The arbitration article of the agreements is clear as a bell. Although it contains a broad arbitration clause, it unmistakably provides that the parties are to bear the fees of their respective arbitrators (i.e., the party-appointed arbitrators) and outside counsel. Moreover, NTL objected to the arbitrators' authority to enter any award of fees and costs.[12]

 Nor is RLNY helped by its contention that the arbitrability of the availability of an award of attorneys' and arbitrator fees was a matter for the arbitrators. To be sure, it is correct in saying that questions of arbitrability presumptively are for the arbitrators where the parties agree to a broad arbitration clause.[13] In other words, where there is a broad arbitration clause, any ambiguities as to the scope of the parties' submission to arbitration are for resolution by arbitrators, not courts. But this principle is not boundless. Arbitration of a particular grievance will not be ordered where "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."[14] That is the case here.

*Conclusion*

For the foregoing reasons, the cross-petition to vacate so much of the final award, dated October 20, 2006 (Pet. Ex. 21), as awarded RLNY $3,169,496 in attorney and arbitrator fees and $691,903.75 in costs, plus interest, is granted to the extent that the award of attorney and arbitrator fees and interest thereon is vacated. It is otherwise denied. The petition to confirm the award is granted to the extent that the award, as modified above, is hereby confirmed. Thus, petitioner is entitled to judgment for $691,903.75 together with interest thereon as set forth in the award. The Clerk shall enter judgment accordingly and close the case.

SO ORDERED.

---

12. *See* Dennis Decl. Ex. 2, ¶ 4.
 Although NTL cross-moves to vacate also so much of the award as granted costs, Section 10.3 does not speak to the issue of costs as distinguished from attorneys' and arbitrator fees. Nor has NTL addressed that issue in any but conclusory terms. In consequence, I regard that aspect of the cross-motion to vacate as having been abandoned.

13. *E.g., PaineWebber Inc. v. Bybyk,* 81 F.3d 1193, 1199 (2d Cir.1996).

14. *AT & T Tech., Inc. v. Commc'n Workers of Am.,* 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)); *Paramedics Electromedicina Comercial Ltda. v. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 653 (2d Cir.2004) (quoting *Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l Inc.,* 198 F.3d 88, 99 (2d Cir.1999) (quoting *WorldCrisa Corp. v. Armstrong,* 129 F.3d 71, 74 (2d Cir.1997))).